VOGUE CO. v. VOGUE HAT CO. et al.

(Circuit Court of Appeals, Sixth Circuit. July 20, 1925.)

No. 4066.

1. Trade-marks and trade-names and unfair competition. ⊚⟹3(4) — Name "Vogue Hats" held substantially descriptive.

Name "Vogue Hats" *held* substantially descriptive.

2. Trade-marks and trade-names and unfair competition ⊚⟹70(3)—Intentional fraud in original adoption of plaintiff's trade-mark held to preclude it from using words of label, except under certain conditions.

Defendant's intentional fraud in adoption of its label "Vogue Hats" or "Vogue Hats, Fifth Avenue, New York," in connection with the trade-mark of Vogue Magazine, *held* to so taint its right to such label as to require it to discontinue use of words "Fifth Avenue, New York," or "New York," unless modified by a proper manufacturing name (not including the word "Vogue"), but not to require it to abandon entirely the use of the words "Vogue Hats," or accompany them with a disclaimer.

Suit by the Vogue Company against the Vogue Hat Company and others. From an adverse decree, plaintiff appeals. On motion to direct form of mandate. Motion granted.

Harry D. Nims, of New York City (E. J. Marshall, of Toledo, Ohio, and MacDonald De Witt and Minturn De S. Verdi, all of New York City, on the brief), for appellant.

Samuel W. Banning, of Chicago, Ill. (Ephraim Banning, Thos. A. Banning and Thos. A. Banning, Jr., all of Chicago, Ill., Chas. H. Studin, of New York City, and Rathbun Fuller, of Toledo, Ohio, on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Upon a motion to direct a form of mandate we have further considered the nature and extent of the permissible relief. Plaintiff asks that the word "Vogue" be entirely forbidden upon the hat linings or labels, unless it is sterilized by the warning, "not connected with Vogue Magazine." Defendant Hat Company thinks that at most only the "V girl" should be banned.

[1, 2] We are without the aid of specific precedent. We find a helpful principle in the one which we applied, perhaps somewhat obscurely, in Coca-Cola Co. v. Gay-ola Co., 200 F. 720, 723, 119 C. C. A. 164. Plaintiff in its drink used caramel for producing a peculiar reddish color. Defendant had the abstract right to use caramel as an ingredient, and so to get the same color. We held in effect that he had forfeited this abstract right

by having used it as a part of his expressly fraudulent scheme, and so he must get his color some other way; he must not use caramel, though other makers might. So here we solve a difficult problem by concluding that this defendant's otherwise clear enough right to use its complete label "Vogue Hats," or "Vogue Hats, Fifth Avenue, New York" (without the plaintiff's trade-mark), is tainted by its intentional fraud in the original adoption of the label with the trade-mark. This fraud permeates the whole label and plan under which it built its present business, and it cannot retain and carry on that business, and become immune by merely dropping the V girl and the dominant V.

We think it would be going too far to forbid entirely the name or label "Vogue Hats" unless accompanied by the disclaimer. That name is substantially descriptive, and has no secondary meaning appurtenant to plaintiff's business. A majority of the court think that the words "Fifth Avenue, New York," or "New York," though they are abstractly lawful members of a proper label and business combination, yet by their suggestion of plaintiff's location so emphasize the original and long-continued attempt to mislead that they are poisoned by the permeating fraud, and they must be discontinued, unless modified by a proper manufacturing name. This manufacturing defendant may sell any hats not called or marked as "Vogue Hats." It may use the name and label "Vogue Hats" in connection with or without "New York," or "Fifth Avenue, New York," if accompanied by any prominently displayed manufacturing name it may select (not including the word "Vogue"). It may not use the name unless so accompanied.